IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| VALERIE MORAN | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:05CV259LG-RHW |
| | § | |
| EVERETT GILKERSON, ET AL. | § | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND AMENDED MOTION TO DISMISS

THIS MATTER COMES BEFORE THE COURT upon Defendants' Motion to Dismiss filed pursuant to FED. R. CIV. P. 41(b) and Amended Motion to Dismiss filed pursuant to FED. R. CIV. P. 41(b). Plaintiff has tendered the requisite responses. After review of the pleadings on file and the relevant legal authority, the Court finds that Defendants' Motions should be denied.

Plaintiff filed her complaint pursuant to 42 U.S.C. § 1983. Upon execution of summonses, answers were filed on June 29, 2005, and July 8, 2005. Discovery ensued followed by a telephonic case management conference being conducted by Magistrate Judge Robert Walker on November 15, 2005. At that time, certain discovery issues were addressed, and Plaintiff was directed to sign a medical release authorization and provide dates for a deposition. On January 6, 2006, the Defendants filed the instant Motion to Dismiss on the grounds that Plaintiff has failed to comply with the discovery process by failing to sign a medical release, provide certain discovery responses and submit to a deposition. Plaintiff filed a timely response and included January 26, 2006, as a date to take her deposition. On January 27, 2006, Defendants filed an Amended Motion to Dismiss on the grounds that Plaintiff failed to appear at a scheduled deposition. Again, Plaintiff filed a timely response indicating that she

has now executed the requisite medical release and provided discovery responses.   In a supplemental response, counsel for the Plaintiff represents that Plaintiff was arrested sometime in January, 2006, and is currently in the custody of the Hancock County authorities.

Fed. R. Civ. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action." In *Rogers v. Kroger Co.,* 669 F.2d 317 (5th Cir.1982) the Fifth Circuit surveyed the principles controlling rule 41(b) dismissals with prejudice and stated, "A clear record of delay coupled with tried or futile lesser sanctions will justify a Rule 41(b) dismissal." *Id*. at 322. *Rogers* also listed three  "aggravating elements" that usually accompany the two primary reasons for which the rule 41(b) power is invoked.  These three elements are "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 320.

The Court has reviewed the record and concludes that at this juncture, Defendants have not suffered any actual prejudice.  The details of Plaintiff's arrest are scant and it cannot be determined whether counsel for the Plaintiff has had an opportunity to confer with Plaintiff about scheduling matters in the above captioned cause prior to January 26, 2006.  Moreover, delays and/or discovery abuses may be remedied without resorting to dismissal.  For these reasons, the Court finds that the Defendants' Motion and Amended Motion to Dismiss for Failure to Prosecute should be denied at this time.

**IT IS ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss filed January 6, 2006, [48-1] should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants' Amended Motion

to Dismiss filed January 27, 2006, [68-1] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 28th day of February, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE