IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| VALERIE MORAN | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:05CV259LG-RHW |
| | § | |
| EVERETT GILKERSON, ET AL. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DISMISSING
THE HANCOCK COUNTY SHERIFF'S DEPARTMENT**

BEFORE THE COURT is a Motion to Dismiss the Hancock County Sheriff's Department pursuant to FED. R. CIV. P. Rule 12(b)(6) filed October 16, 2006, by Hancock County, the Hancock County Sheriff's Department and Steve Garver, as Sheriff of Hancock County.  Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983.  After review of the Motion, Plaintiff's response, the rebuttal, the pleadings on file, and the relevant legal authorities, the Court is of the opinion that the instant Motion should be granted with respect to the Hancock County Sheriff's Department.

In order to grant a motion to dismiss for failure to state a claim under federal or state law pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, a court must determine to a certainty that the plaintiff can prove no set of facts that would entitle him to relief.  *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990). In making such a determination, the court may not go outside the pleadings and must accept all well-pleaded facts as true, viewing them most favorably to the plaintiff.  *Id.* at 807.  "This is a rigorous standard, but subsumed within it is the requirement that the plaintiff state [her] case with enough clarity to enable a court or opposing party to determine whether or not a claim is

alleged." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).

Plaintiff has named Hancock County, Steve Garver, in his individual and official capacity as Sheriff of Hancock County, Everett Gilkerson, in his individual capacity, and the Hancock County Sheriff's Department as defendants in the above captioned cause. In order to maintain an action pursuant to 42 U.S.C. § 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. Because the Hancock County Sheriff's Department is not a separate legal entity apart from Hancock County, Defendants' Motion should be granted. *Brown v. Thompson,* 927 So.2d 733 (Miss. 2006)(under the MTCA, as well as other pertinent statutory law and case law, "sheriff's departments are not political subdivisions within the meaning of the MTCA. Thus, the Sheriff's Department does not enjoy a separate legal existence." *Id.* at 737.) ; *Riley v. Jackson County Sheriff's Dept*., 2005 WL 1683983, *1 (S.D. Miss. 2005)(under Mississippi state law, claims raised against the sheriff's department are construed to be raised against the county itself.)

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the foregoing reasons, the Court finds that the Motion to Dismiss filed on October 16, 2006, [180-1] should be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Hancock County Sheriff's Department is hereby **DISMISSED AS A DEFENDANT** from the above captioned cause.

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE